Motion for Rehearing Overruled and Supplemental Opinion filed March 6,
2007








Motion for Rehearing Overruled and Supplemental
Opinion filed March 6, 2007. 

                                                                                                                                                            

In The

Fourteenth Court of
Appeals

____________

 

 NO. 14-05-00488-CV 

NO. 14-05-00489-CV

____________

 

MICHAEL SKADDEN, Appellant

 

V.

 

ANA MARIA TARQUIS ALFONSO, Appellee



 

On Appeal from the 246th District Court

Harris County, Texas

Trial Court Cause Nos. 99-19105 & 99-19105A

 



 

S U P P L E M E N T A L   O P I N I O N








 On original submission, this court determined that the
trial court erred in dismissing appellant Michael Skadden=s enforcement
actions against his ex-wife Ana Maria Tarquis Alfonso (ATarquis@) because, after
the time expired for filing a motion for new trial and direct appeal, a
restricted appeal or a bill of review was the only available procedural means
for Tarquis to attack the decree based on an alleged failure to effect valid
service of process on her.  This court also presumed for the sake of argument
there was no other impediment to affirming the trial court=s dismissal orders
based on its alleged lack of subject-matter jurisdiction over child-custody
issues in the underlying divorce proceeding.  Nonetheless, this court still
concluded it could not affirm on this basis, in part because the record before
the trial court from the underlying divorce action did not negate the existence
of facts essential to the trial court=s subject-matter
jurisdiction over child-custody issues. We based this conclusion on the absence
of a reporter=s record from the 1999 trial of the underlying divorce
action.  Therefore, we reversed the trial court=s orders
dismissing the enforcement actions and remanded for further proceedings.  

After issuance of the original opinion, the court received
a supplemental reporter=s record from the underlying divorce
action.  Tarquis now seeks to supplement the record in these appeals and, in
her motion for rehearing, argues that the record before the trial court from
the underlying divorce action negates the existence of facts essential to the
trial court=s subject-matter jurisdiction over child-custody
issues.  The trial court did not dismiss this suit based on Tarquis=s subject-matter
jurisdiction argument; however,  before dismissing the enforcement actions, the
trial court  reviewed and took judicial notice of the entire file from the
underlying divorce action. Because we do not have that file in our appellate
record, the recently filed supplemental reporter=s record does not
afford an opportunity for this court to determine whether the entire record
before the trial court affirmatively negates the existence of facts essential
to subject-matter jurisdiction.  Therefore, we conclude that the supplemental
reporter=s record is not
relevant to any issue before this court.  Accordingly, supplementation of the
record would serve no purpose. We overrule Tarquis=s motion for
rehearing.

I. Summary of Relevant Facts[1]








 In his 1999 divorce petition, Skadden sought a decree of
divorce, property division, and an initial child-custody determination as to
the only child of the marriage, a son.  At trial,[2]
on December 13, 1999, Skadden appeared along with counsel.  Tarquis did not
appear in person or through counsel.  After receiving evidence, the presiding
judge of the trial court signed a divorce decree  (hereinafter  ATexas Decree@).  The Texas
Decree adjudicated property and child-custody issues, and stated the following:

(1)     Tarquis had adequate notice of the divorce
proceedings, and due process of law had been satisfied. 

(2)     Tarquis was wholly in default.

(3)     The trial court, after receiving evidence,
found that it had jurisdiction of this case.  All prerequisites to the exercise
of its jurisdiction were duly satisfied.

(4)     Texas is the child=s home state.

No
party timely filed a post-judgment motion, regular appeal, restricted appeal,
or bill of review regarding this final divorce decree. 

More than four years after the trial court rendered the
Texas Decree, Skadden filed a petition for interference with possessory rights
and a motion for enforcement of the Texas Decree, which provides that both
Skadden and Tarquis are joint managing conservators of their son.  On the same
day, Skadden also filed an application for writ of habeas corpus.  The habeas
corpus action has a separate cause number from the proceeding containing the
petition for interference with possessory rights and the motion for
enforcement.  In this supplemental opinion, we refer to both of these
enforcement cases collectively as the AEnforcement
Actions.@  

In response to the Enforcement Actions, Tarquis filed
several motions, asserting, among other things, the following:

!       When Tarquis filed the motions and when the
trial court rendered the Texas Decree, the trial court lacked subject-matter
jurisdiction over child-custody issues under Chapter 152 of the Texas Family
Code. 








!       The Texas Decree is void because Tarquis was
not validly served with process before the rendition of the Texas Decree.  

Tarquis=s motions were set
for hearing on December 27, 2004.  Several days before that hearing,  the trial
court faxed a handwritten letter to counsel,[3]
which the trial court read during the hearing.  Tarquis=s counsel argued
the trial court need go no further than Skadden=s divorce petition
to conclude that it lacked subject-matter jurisdiction to make an initial
child-custody determination under section 152.201 of the Texas Family Code. 
The trial court stated that it was relying on the lack of valid service of
process on Tarquis and then took judicial notice of everything in its file in
the underlying divorce case.  The trial court determined that there had been no
valid service of process in the divorce proceeding, and consequently, the trial
court concluded the Enforcement Actions failed because the trial court did not
have personal jurisdiction  when the Texas Decree was rendered.  After adding
the notation A12/27/04 (per hearing)@ to the top of the
letter faxed to counsel the previous week, the trial court filed the document
with the papers of the court.  At that time, this was the only writing
reflecting the trial court=s ruling.  








A few weeks later, on January 14, 2005, the trial court
signed an order dismissing with prejudice Skadden=s motion for
enforcement and petition for interference with possessory rights.  The
dismissal was based on the trial court=s finding that
Tarquis had not been served with process in the underlying divorce action in
compliance with the Texas Rules of Civil Procedure.  On the same day, the trial
court signed an order dismissing with prejudice Skadden=s application for
a writ of habeas corpus.[4]  
In its findings of fact and conclusions of law,[5]
the trial court confirmed that it had dismissed the Enforcement Actions based
on its finding that Tarquis had not been validly served with process.  The
trial court indicated that dismissal was not based on Tarquis=s argument that
the trial court lacked subject-matter jurisdiction to make an initial
child-custody determination.

On original submission, we held  the trial court erred in
dismissing the Enforcement Actions because, after the time expired for filing a
motion for new trial and direct appeal, a restricted appeal or a bill of review
were the only available procedural means  for Tarquis to attack the Texas
Decree based on an alleged failure to effect valid service of process on her. 
This court presumed for the sake of argument there was no other impediment to
affirming the trial court=s dismissal orders based on its alleged
lack of subject-matter jurisdiction over child-custody issues in the underlying
divorce proceeding.  Still, we concluded we could not affirm on this basis, in
part because the record before the trial court from the underlying divorce
action did not negate the existence of facts essential to the trial court=s subject-matter
jurisdiction over child-custody issues.  We based this conclusion on the
absence of a reporter=s record from the trial of the underlying
divorce action.  In his appellate brief, Skadden indicated that the court
reporter had destroyed her notes from the underlying trial before any party had
requested that she transcribe them.  See Tex. Gov=t Code Ann. ' 52.046(a)(4) (Vernon 2005) (requiring
court reporters to preserve their notes for only three years from the date on
which they were taken).  Tarquis did not contradict Skadden=s factual
assertions in this regard, nor did she attempt to supplement the record with
the record from the 1999 trial in any respect at any time prior to this court=s issuance of its
opinion.  








After this court issued its opinion, reversing the trial
court=s orders
dismissing the Enforcement Actions and remanding for further proceedings,
Tarquis, apparently for the first time, undertook to determine the status of
the court reporter=s notes from the 1999 divorce proceeding. 
Her counsel contacted the court reporter in the underlying divorce trial, who
is also the current official court reporter for the trial court.  Tarquis=s counsel was
informed that the court reporter had not destroyed her notes from the divorce
trial.[6] 
Even though this reporter=s record was not before the trial court
when it rendered the orders from which Skadden appealed in this case, Tarquis=s counsel, in an
attempt to show a lack of subject-matter jurisdiction in this court, requested
the court reporter to transcribe these notes.  

A week before Tarquis filed her motion for rehearing,[7]
and more than a month after this court issued its opinion and judgment, the
court reporter for the trial court filed in this court the reporter=s record from the
1999 divorce trialCor at least some of it.  This reporter=s record
(hereinafter ASupplemental Reporter=s Record@) did not contain
the twelve  exhibits that were admitted into evidence at the trial.  When
Tarquis  filed a motion to supplement the record with this reporter=s record, Skadden
filed a motion to strike this supplemental record.  We consider the motion to
supplement and the motion to strike in conjunction with Tarquis=s motion for
rehearing, in which she argues that the Supplemental Reporter=s Record negates
the trial court=s subject-matter jurisdiction over
child-custody issues and thus, if permitted to be filed, would provide grounds
for this court to reverse course, grant rehearing, withdraw the opinion on
original submission, and issue a new opinion affirming the trial court=s dismissal of the
Enforcement Actions.  

                                           II.
Issue and Analysis                        

In urging the court to rehear the
case, Tarquis asserts a single issue:

The recently discovered reporter=s record of the
December 13, 1999 default judgment [sic] negates the existence of facts
essential to subject matter jurisdiction; the trial court lacked subject matter
jurisdiction over [the child.]

Thus,
the threshold inquiry is whether this court should exercise its discretion to
allow the record to be supplemented after this court has issued its opinion and
judgment.  








 Under Rule 34.6(d), A[i]f anything
relevant is omitted from the reporter=s record, the
trial court, the appellate court, or any party may by letter direct the
official court reporter to prepare, certify, and file in the appellate court a
supplemental reporter=s record containing the omitted items.@  Tex. R. App. P. 34.6(d).  Relying on
this rule, Tarquis asserts this court should allow the Supplemental Reporter=s Record because
it is relevant in that it allegedly shows the trial court lacked subject-matter
jurisdiction over the child-custody provisions of the Texas Decree (hereinafter
ACustody Provisions@).  Tarquis
concedes that it is quite unusual to supplement the appellate record after the
appellate court has issued its opinion and judgment.  She is correct.  

 Although appellate courts strive to decide cases on the
merits rather than on procedural technicalities, supplementing the record after
a case is decided (especially when the parties had ample opportunity to correct
the omission prior to decision) and reconsidering the prior decision does not
serve judicial economy and does not violate this general policy.  See Worthy
v. Collagen Corp., 967 S.W.2d 360, 366 (Tex. 1998); see also Texas First
Nat=l Bank v. Ng, 167 S.W.3d 842,
866 (Tex. App.CHouston [14th Dist.] 2005, pet. granted, judgm=t vacated w.r.m.)
(refusing to consider supplemental record filed more than a month after court=s opinion and
judgment). Therefore, we have substantial discretion not to consider
supplements to the appellate record that are filed after issuance of the
opinion and rendition of the judgment.  See Worthy, 967 S.W.2d at 366; Texas
First Nat=l Bank, 167 S.W.3d at
866.

During the briefing stage of this appeal, Tarquis did not
challenge Skadden=s factual assertion concerning the status
of the court reporter=s notes from the 1999 divorce trial.
Tarquis has not explained why she did not attempt earlier to determine whether
the court reporter=s notes existed.  Nor has Tarquis
explained why she could not have taken the same action on or before original
submission that she took after this court issued its opinion.  The
extraordinary and unexplained delay are circumstances that do not weigh in
favor of allowing supplementation of the record at this late date. 








But even if Tarquis were allowed to supplement and even if
she could show that the trial court record from the underlying divorce
proceeding affirmatively negated the existence of facts essential to the trial
court=s subject-matter
jurisdiction under Chapter 152 of the Texas Family Code, that lack of
subject-matter jurisdiction would apply only to the Custody Provisions. See Tex. Fam. Code Ann. '' 152.201(a),
152.204 (Vernon 2002). Such a showing would not void the entire underlying
divorce proceeding, and the Texas Decree still would be valid and binding as
between Skadden and Tarquis as to all issues other than child custody.  

Furthermore, if Tarquis is correct, then it might mean that
Skadden could not enforce the Custody Provisions because the trial court in the
underlying divorce proceeding lacked subject-matter jurisdiction over
child-custody issues, but that would not end the court=s inquiry. Though
Skadden, in the Enforcement Actions, sought only to enforce the Custody
Provisions, the trial court had subject-matter jurisdiction to enforce decrees
such as the Texas  Decree, and it is not clear that it would be a determination
of subject-matter jurisdiction, as opposed to a decision on the merits, if the
trial court were to deny enforcement of the Custody Provisions due to a lack of
jurisdiction as to these matters in the underlying divorce proceeding.  








     
Collateral Attack on a Final Order in a Prior Proceeding For the First Time on
Appeal        Based on the Supplemental Reporter=s Record, Tarquis
asserts on rehearing a collateral attack on the prior, final Texas Decree. 
Under precedent from the Supreme Court of Texas, this challenge is a collateral
attack on a final decree from a prior proceeding.  See Reiss v. Reiss,
118 S.W.3d 439, 440B43 (Tex. 2003) (holding that, in action to
enforce final divorce decree, ex-spouse=s attempt to avoid
the effect of prior, final decree by arguing decree was void constituted
collateral attack on the decree).  In the Enforcement Actions in the trial
court, Tarquis did assert a collateral attack as to the Custody Provisions. 
However, this collateral attack was based on Skadden=s live petition
(including the affidavit contained therein) in the divorce proceeding, not on a
reporter=s record from the
divorce trial.  On rehearing in this court, Tarquis asserts for the first time
a collateral attack on the Custody Provisions based on the Supplemental
Reporter=s Record.[8] 
The parties have not cited, and this court has not found, any Texas case in
which an appellate court sustained a collateral attack asserted for the first
time on appeal. 

        The
Absence of Record Items from the Underlying Divorce Proceeding

In any event, we presume, without deciding, the following:

(1)     A determination that Skadden could not
enforce the Custody Provisions because the trial court lacked subject-matter
jurisdiction over child-custody matters in the underlying divorce proceeding
would be a determination that the trial court lacks subject-matter jurisdiction
in the Enforcement Actions.

(2)     This court
can sustain a collateral attack on a part of the trial court=s  prior, final
decree for the first time on appeal.  








Nonetheless, as we noted on original submission, a
collateral attack such as that asserted by Tarquis on rehearing requires
consideration of the evidence and proceedings from the divorce trial and the
trial court=s record at the time it rendered the Texas Decree.  See
White v. White, 179 S.W.2d 503, 506 (Tex. 1944); Skadden v. Alfonso,
No. 14-05-00488-CV, 2006 WL 3072040, at *10B11 (Tex. App.CHouston [14th
Dist.] Oct. 31, 2006, no pet. h.); Etzel v. U.S. Dep=t of Air Force, 620 S.W.2d 853,
856 (Tex. Civ. App.CHouston [14th Dist.] 1981, writ ref=d n.r.e.).  As
noted in our prior opinion in this case, the trial court reviewed its entire
file from the underlying divorce proceeding and took judicial notice of this
file.  Although it did not consider the evidence presented during the divorce
trial in ruling on Tarquis=s motions, the trial court did consider
the clerk=s record that was before it when it rendered the Texas
Decree.  See Skadden, 2006 WL 3072040, at *3B4.  However,
because the trial court simply reviewed and took judicial notice of this record
in rejecting Tarquis=s collateral attack on the Custody
Provisions, we do not have the entire clerk=s record from the
underlying proceeding in our appellate record.  Even indulging the above
presumptions and even if we reviewed the Supplemental Reporter=s Record, we still
would be unable to rule on the collateral attack Tarquis asserts on rehearing.[9] 
See White, 179 S.W.2d at 506; Skadden, 2006 WL 3072040, at *10B11.

We conclude  the Supplemental Reporter=s Record is not
relevant to any issue  we can decide in this appeal.  See Tex. R. App. P. 34.6 (d).  Therefore,
we decline to consider the Supplemental Reporter=s Record.  See
Zoya Enters. v. Sampri Invests., L.L.C., No. 14-04-01158-CV, 2006 WL
1389582, at *3B4 (Tex. App.CHouston [14th
Dist.] May 23, 2006, no pet.) (refusing to consider post-submission supplemental
record) (mem. op.); Texas First Nat=l Bank, 167 S.W.3d at
865B66  (refusing to
consider supplemental record filed more than a month after this court=s opinion and
judgment on appeal).  Because Tarquis bases her only motion-for-rehearing
argument on the Supplemental Reporter=s Record, we
overrule Tarquis=s motion for rehearing.[10] 









Nothing in the opinion on original
submission or this supplemental opinion prevents the trial court from
considering, on remand, Tarquis=s collateral attack on the Custody
Provisions based on the legal standard set forth in these opinions.

 

 

 

 

/s/      Kem Thompson
Frost

Justice

 

Motion for
Rehearing Overruled and Supplemental Opinion filed March 6, 2007.

Panel consists of
Justices Hudson, Frost, and Seymore.

 

 









[1]  The factual background of this case is set forth in
detail in our original opinion in this appeal.  See Skadden v. Alfonso,
No. 14-05-00488-CV, 2006 WL 3072040, at *1B6
(Tex. App.CHouston [14th Dist.] Oct. 31, 2006, no pet. h.).  In
this supplemental opinion, we address only the factual background relevant to
the issues at hand.





[2]   The associate judge who presided over the December 1999 trial later became the presiding judge of the trial court
and rendered the dismissal orders that are the subject of this appeal.





[3]  Our original opinion contains the full text of this
letter. See Skadden, 2006 WL 3072040, at *3. 





[4]  At a prior hearing, Tarquis=s trial counsel stated that she had no knowledge there were
two different cause numbers, and Tarquis never filed anything in the habeas
action.  Nonetheless, the trial court signed an order in the habeas action
granting a motion Tarquis had filed in the other case.  The trial court
apparently treated all of Tarquis=s filings and arguments as having been asserted in both
cases, and, for the purposes of this appeal, we presume likewise.





[5]  After Skadden initiated these appeals from both dismissal orders, this
court abated the appeals so that the trial court could file findings of fact
and conclusions of law. 





[6]  In response to Tarquis=s motion to supplement, Skadden asserts this court reporter told him
repeatedly that the notes from the divorce trial no longer existed.





[7]  This court granted Tarquis an extension of time to
file her motion for rehearing.





[8]  There is nothing in the record to indicate Tarquis
could not have obtained the Supplemental Reporter=s Record before this case was submitted on appeal or before the trial
court ruled on Tarquis=s motions to dismiss.  In her motion to supplement the
appellate record and subsequent filings, Tarquis has indicated that her new
lead appellate counsel promptly determined that the court reporter had not
destroyed her notes and requested that they be transcribed after Tarquis first
inquired into this matter following the issuance of this court=s opinion on original submission.  If Tarquis had made
this inquiry before the trial court=s
ruling on her motions to dismiss, there is every reason to believe the trial
court could have had the benefit of considering the collateral attack Tarquis
now asserts.  





[9]  Tarquis cites various cases for the proposition that
subject-matter jurisdiction is fundamental and lack thereof can be raised for
the first time on appeal.  However, all of the cases Tarquis has cited involve
a direct appeal from the judgment challenged for lack of subject-matter
jurisdiction.  The case before us involves an appeal from an order sustaining
one attack by Tarquis on the Texas Decree (assertion of an alleged failure to
effect valid service of process) which Tarquis now argues should be affirmed
based on a collateral attack asserting a different argument (the trial court=s alleged lack of subject-matter jurisdiction over
child-custody matters in the underlying divorce proceeding based on the
Supplemental Reporter=s Record).  Therefore, the cases Tarquis cites are not
on point.





[10]  Skadden conditioned his December 21, 2006 motion to
supplement on this court=s granting of Tarquis=s motion to supplement.  Because the latter event did not occur, we
need not address this motion.