# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00340-CV

**Ronald R. Wagner, Appellant**

**v.**

**Roberto D'Lorm and Edward P. Dancause, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. D-1-GN-07-000102, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## O P I N I O N

Appellant Ronald R. Wagner sued appellees Roberto D'Lorm and Edward P. Dancause[1] in Travis County district court seeking a declaration that a default judgment previously obtained by D'Lorm and his attorney, Dancause, against Wagner in a Zapata County district court was void. D'Lorm filed a plea to the jurisdiction asserting that the trial court did not have subject-matter jurisdiction to declare void the judgment of another district court. Wagner moved for summary judgment on his declaratory-judgment claim. The trial court granted D'Lorm's plea to the jurisdiction and denied summary judgment for Wagner, finding summary judgment "improper" for jurisdictional reasons. In a single issue on appeal, Wagner asserts that the trial court erred in granting D'Lorm's plea to the jurisdiction and in denying his motion for summary judgment because the Zapata County default judgment is void and, therefore, may be collaterally attacked in

---

[1] Dancause did not file a brief in this appeal.

another court of equal jurisdiction. We will reverse the trial court's order and remand the cause for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2003, D'Lorm filed suit against Ronald R. Wagner & Co, L.P., a Texas limited partnership ("the partnership"), in Zapata County seeking damages for injuries he allegedly received in an accident with a vehicle that was owned and operated by the partnership. The record indicates that D'Lorm made several unsuccessful attempts to serve the partnership by serving Wagner, who was a limited partner in the partnership and its agent for service. The record does not reflect that Wagner was ever served, either personally or as agent for the partnership. The record also shows that Wagner was never added as an individual defendant in the Zapata County lawsuit, nor did he appear in any capacity before the Zapata County district court. Even though Wagner was not a party to the suit and evidently had not been served, the Zapata County court rendered a default judgment against him personally. The record shows that the style on the default judgment was different from previous documents filed in the case. Whereas previous pleadings were styled "Roberto D'Lorm v. Ronald R. Wagner & Co, L.P.," the judgment was styled "Roberto D'Lorm v. Ronald R. Wagner." The judgment recited that "Defendant, although duly cited to appear and answer herein, has failed to file an answer within the time allowed by law" and awarded D'Lorm damages against Wagner.

In January 2007, about three years and five months after the default judgment was rendered, Wagner filed suit against D'Lorm and his attorney, Dancause, in Travis County district court seeking a declaration that the Zapata County default judgment was void. Wagner also sought damages for slander of title and injury to his credit reputation, but he ultimately nonsuited those

2

claims. D'Lorm answered and filed a plea to the jurisdiction asserting that "one district court cannot overturn the judgments and decrees of another," and that the trial court therefore lacked jurisdiction to consider Wagner's request for declaratory relief. Before the trial court ruled on D'Lorm's plea to the jurisdiction, Wagner filed a motion for summary judgment on his claim for declaratory relief, arguing that the Zapata County default judgment was void. After hearing arguments, the trial court granted D'Lorm's plea to the jurisdiction and denied Wagner's motion for summary judgment on the ground that it was "improper," citing issues relating to the court's jurisdiction. Wagner perfected this appeal.

### STANDARD OF REVIEW

Whether a court has subject-matter jurisdiction is a question of law, which we review de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). When reviewing a grant or denial of a plea to the jurisdiction, we consider the plaintiff's pleadings, construed in favor of the plaintiff, and any evidence relevant to jurisdiction without considering the merits of the claim beyond the extent necessary to determine jurisdiction. *Id.* at 226-27; *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). In the present case, D'Lorm's plea to the jurisdiction asserted that Wagner failed to plead a cause of action within the subject-matter jurisdiction of the Travis County district court. No jurisdictional evidence was submitted.

In a challenge solely to the pleadings, we decide if the plaintiff has alleged sufficient jurisdictional facts to show the trial court's subject-matter jurisdiction, using a liberal construction in favor of the plaintiff. *Miranda*, 133 S.W.3d at 226. If the plaintiff's pleadings "affirmatively negate the existence of jurisdiction," then a plea to the jurisdiction may be granted without affording

3

the plaintiff an opportunity to amend his pleadings. *Id.* at 226-27. If, however, the pleadings do not "demonstrate incurable defects in jurisdiction," but merely fail to allege sufficient facts to affirmatively show the trial court's jurisdiction, then the plaintiff should be given an opportunity to amend. *Id.*

## DISCUSSION

In his sole point of error, Wagner asserts that the trial court erred when it granted D'Lorm's plea to the jurisdiction and denied his motion for summary judgment. Wagner contends that he mounted a valid collateral attack on the Zapata County judgment by alleging facts showing that the judgment is void because the Zapata County court lacked jurisdiction over him as he was neither served nor was a party to the suit. Wagner asserts that "because the [Zapata County] judgment is void . . . it can be collaterally attacked in any court of equal jurisdiction." D'Lorm counters that Wagner has failed to properly employ the options available to him to challenge the Zapata County judgment. Citing *McEwen v. Harrison*, 345 S.W.2d 706 (Tex. 1961), D'Lorm contends that Wagner should have filed a bill of review in the Zapata County district court that rendered the default judgment. Because Wagner failed to file a bill of review in Zapata County during the time allowed, D'Lorm asserts that he has "waived any rights to attack the [default] judgment."

### *The Travis County District Court's Subject-Matter Jurisdiction*

In this appeal from the grant of D'Lorm's plea to the jurisdiction on the pleadings, our task is to decide whether Wagner has pleaded sufficient jurisdictional facts to invoke the trial

4

court's subject-matter jurisdiction, using a liberal construction of his pleadings. *Miranda*, 133 S.W.3d at 226. In his petition, Wagner alleged that the Zapata County default judgment is void because he was neither named as a party nor served with process:

> D'Lorm was involved in an accident . . . with a vehicle owned and operated by RONALD R. WAGNER & CO. L.P., a Texas Limited Partnership. . . . [Defendants] filed [D'Lorm's petition] in the 49th Judicial District of Zapata County, Texas, in Cause No. 5,368 styled ROBERTO D'LORM, PLAINTIFF V. RONALD R. WAGNER & CO., LP, a Texas Limited Partnership. Plaintiff RONALD R. WAGNER was not named a Defendant, nor was he ever served with process. . . . On August 29th, 2003, [the defendants] took a *Default Judgment* against [Wagner personally] . . . notwithstanding the fact that [Wagner] was neither a named Defendant or ever served with process. . . . The trial court had no jurisdiction over [Wagner] . . . . Inasmuch as [Wagner] was not a Defendant in Cause No. 5,368, nor was he served with process, the 49th Judicial District Court of Zapata County, Texas had no jurisdiction over [Wagner] and the *Default Judgment* against him should be declared void and of no further force and effect.

A judgment is void, and thus may be collaterally attacked, if the rendering court had "no jurisdiction over a party or his property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a court." *Austin Indep. Sch. Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex. 1973); *see also Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005) (same); *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (orig. proceeding) (same). For a court to have personal jurisdiction over the defendant, the defendant must be amenable to the jurisdiction of the court and the plaintiff must have invoked that jurisdiction by valid service of process on the defendant. *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 200 (Tex. 1985). This Court has also held that a judgment may be collaterally attacked because of "fundamental error." *Texas Dep't of Transp. v. T. Brown Constructors, Inc.*, 947 S.W.2d 655, 659 (Tex.

5

App.—Austin 1997, pet. denied). Fundamental error occurs where "the record shows the court lacked jurisdiction or that the public interest is directly or adversely affected as that interest is declared in the statutes or the Constitution of Texas." *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex. 1982). A court's rendition of judgment against a party not named in the suit is fundamental error. *Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex. 1991).

Here, Wagner pleaded that he was neither named as a party nor served with process. If true, that would mean that the Zapata County district court committed fundamental error by rendering judgment against Wagner because he was not a party, *see id.*, and that the court lacked personal jurisdiction over Wagner when it rendered default judgment against him because he was not served, *Kawasaki Steel Corp.*, 699 S.W.2d at 200. For either reason, the default judgment rendered against him would be void and subject to collateral attack. *See Austin Indep. Sch. Dist.*, 495 S.W.2d at 881.

We need not decide at this juncture whether the Zapata County default judgment is actually void. Having decided that Wagner's pleaded facts, if true, would render the Zapata County default judgment void, we need only determine whether the Travis County district court had jurisdiction to entertain his suit.

The supreme court addressed this issue by implication in *Browning v. Placke*, a mandamus action in which the relator sought relief from an order rendered by a Lee County district court that declared void a judgment rendered three years earlier by a Dallas County district court. 698 S.W.2d 362, 363 (Tex. 1985). The plaintiffs in the Lee County suit argued that the Dallas County judgment was void because it was rendered without the joinder of an "indispensable" party.

6

*Id.* In rejecting that argument, the supreme court held that failure to join an indispensable party does not render a judgment void. *Id.* The court reiterated that unless a judgment is void for one of the four reasons listed in *Austin Independent School District*—i.e., no jurisdiction over a party or his property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a court—it is not subject to collateral attack in another court of equal jurisdiction. *Id.* The court held that the declaration issued by the Lee County court, therefore, was error. *Id.* ("[T]he Lee County district court declared void a judgment which has not been shown to have been rendered by a court without jurisdiction to do so. . . . [T]hat action conflicts with *Austin Independent School District* . . . ."). Thus, the Dallas County judgment may have been *voidable*, but it was not *void*, and so could not be successfully collaterally attacked. *Id.*

We draw two conclusions from *Browning.* The first is that if a challenged judgment is void, a different, co-equal court can properly render judgment declaring it void. This conclusion follows logically from the holding of the case and, more specifically, from the opening paragraph of the court's opinion:

> This original mandamus proceeding presents the question whether a district court may declare void the judgment of another district court. We hold that *absent a showing that the prior court lacked jurisdiction*, no such declaration is permissible.

*Id.* at 362 (emphasis added). The second conclusion—the one that answers the question presented here—follows as a matter of course: if the trial court may properly render such a judgment, it necessarily must have jurisdiction to render it.

7

Other cases addressing the issue directly or in dicta also hold or imply that courts have jurisdiction to declare void the judgment of another court. *See, e.g.*, *Segrest v. Segrest*, 649 S.W.2d 610, 613 (Tex. 1983) ("[T]he Segrests' 1974 divorce decree should be viewed as being *erroneous* or *voidable*, as opposed to being *void. . . .* Mr. Segrest's suit for declaratory judgment is therefore not a remedy available to him to set aside the final decree of divorce rendered in 1974." (emphasis in original)); *Dallas County Tax Collector v. Andolina*, 303 S.W.3d 926, 930 (Tex. App.—Dallas 2010, no pet.) ("The Andolinas do not contend the bankruptcy court's order confirming Horizon's plan of reorganization was void. Therefore, any collateral attack on the bankruptcy court's confirmation order must fail."); *Cohen v. Cohen*, 632 S.W.2d 172, 173 (Tex. App.—Waco 1982, no writ) (party in declaratory-judgment action brought to construe provisions of otherwise final divorce decree did not allege the decree was void, therefore declaratory judgment not permitted).

**McEwen v. Harrison *Is Not Applicable***

D'Lorm argues that Wagner has "waived any rights to attack the [default] judgment" in the present case because he failed to employ one of the remedies enumerated in *McEwen v. Harrison*, 345 S.W.2d 706 (Tex. 1961). *McEwen* and its progeny hold that, on direct attack,

> when the time for filing a motion for new trial has expired and relief may not be obtained by appeal, a proceeding in the nature of a bill of review is the exclusive method of vacating a default judgment rendered in a case in which the court had jurisdictional power to render it.

8

*Id.* at 709 (construing Texas Rule of Civil Procedure 329b to limit remedies used to directly attack judgment). The phrase "jurisdictional power" means "'jurisdiction over the subject matter, the power to hear and determine cases of the general class to which the particular one belongs.'" *Middleton v. Murph*, 689 S.W.2d 212, 213 (Tex. 1985) (quoting *Deen v. Kirk*, 508 S.W.2d 70, 72 (Tex. 1974)). D'Lorm asserts that, because the Zapata County court had subject-matter jurisdiction in that case and the time for filing an appeal from that judgment has expired, Wagner's only remedy "to attack" the judgment was a proceeding in the nature of a bill of review. We disagree.

*McEwen* applies only to a direct attack on a judgment, not to a collateral attack. *See* 345 S.W.2d at 710 (holding that rule 329b's limits apply to "all remedies in the nature of direct attacks"). A direct attack on a judgment is defined as

> a proceeding instituted for the purpose of correcting the earlier judgment. It may be brought in the court rendering the judgment or in another court that is authorized to review the judgment on appeal or by writ of error [i.e., restricted appeal]. The purpose of a direct attack is to change the former judgment and secure the entry of a correct judgment in lieu of the earlier incorrect one.

*Austin Indep. Sch. Dist.*, 495 S.W.2d at 881. Here, Wagner does not seek to "correct" the Zapata County judgment, nor does he seek to "change" it and secure entry of a "correct judgment" in lieu thereof. Nor does he seek to have the judgment vacated or set aside. Moreover, Wagner brought his attack in a different court from the one that rendered the judgment under attack. A direct attack must be brought in the court that rendered the judgment under attack because only that court or a higher court on appeal may amend or vacate it. *See id.* at 881. For these reasons, Wagner's attack

9

here is properly classified as collateral, not direct.[2]  *See also Browning*, 698 S.W.2d at 363 (appeal

from declaration rendered by one court declaring judgment of another court void is collateral attack);

*Empire Gas & Fuel Co. v. Albright*, 87 S.W.2d 1092, 1096 (Tex. 1935) (attack on judgment of

one court in another court is collateral attack);  *Baqdounes v. Baqdounes*, No. 01-07-01102-CV,

2009 WL 214508, at *2 (Tex. App.—Houston [1st Dist.] Jan. 29, 2009, pet. denied) ("[The

plaintiff's] attack on the prior . . . judgment does not attempt to secure the rendition of a single,

correct judgment in place of an earlier one.  [The Plaintiff therefore] brings a collateral attack on . . .

the decree.").  Because Wagner did not mount a direct attack on the Zapata County judgment, the

limitations imposed by *McEwen* and rule 329b do not apply here.

### *"Judgment-Interpretation Cases" Are Not Applicable*

The present case is also distinguishable from the line of cases holding that a court has

no jurisdiction to render declaratory judgment to "interpret" a prior judgment.  In the present case,

Wagner does not seek to "interpret" the Zapata County judgment, i.e., he does not ask the court to

construe the judgment's substantive provisions.  *See, e.g.*, *Martin v. Dosohs I Ltd.*, 2 S.W.3d 350,

---

[2]  Determining the type of attack mounted by Wagner here is important both for the analysis in this appeal and because it determines the presumptions that the trial court will give to the Zapata County judgment on remand.

This Court has held that, in a collateral attack, the challenger must show error on the face of the judgment itself, *Narvaez v. Maldonado*, 127 S.W.3d 313, 317-18 (Tex. App.—Austin 2004, no pet.), and the supreme court has stated that "[i]n a collateral attack, the judgment under attack is presumed valid," *Stewart v. USA Custom Paint & Body Shop, Inc.*, 870 S.W.2d 18, 20 (Tex. 1994). Nonetheless, the supreme court has also held that "[t]he presumption supporting judgments does not apply when the record affirmatively reveals a jurisdictional defect." *Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008) ("'In order for a collateral attack to be successful the record must affirmatively reveal the jurisdictional defect.'" (quoting *White v. White*, 179 S.W.2d 503, 506 (Tex. 1944))).

354 (Tex. App.—San Antonio 1999, no pet.) (no jurisdiction to use declaration to construe substantive provisions of land-partition judgment); *Sutherland v. Sutherland*, 560 S.W.2d 531, 533 (Tex. Civ. App.—Texarkana 1978, writ ref'd n.r.e.) (no jurisdiction to construe relative rights and duties of parties with respect to provisions of final order of divorce). Wagner does not seek to relitigate the merits of the controversy decided by the judgment under attack, nor does he attempt to avoid the procedural limitations for attacking judgments. Further, as we hold here, Wagner's request for declaratory relief is not an "improper" collateral attack. *See Rapid Settlements, Ltd. v. SSC Settlements, LLC*, 251 S.W.3d 129, 140 (Tex. App.—Tyler 2008, no pet.) (declaratory-judgment action is improper if it collaterally attacks judgment not alleged to be void). For these reasons, the present case is fundamentally different from "judgment-interpretation" cases. *See Texas Dep't. of Ins., Div. of Workers' Comp. v. Insurance Co.*, 306 S.W.3d 897, 902-03 (Tex. App.—Austin 2010, no pet.) (analyzing reasons why courts lack subject-matter jurisdiction to interpret final judgments).

In light of the foregoing, we hold that Wagner's pleadings were sufficient to give the trial court subject-matter jurisdiction to adjudicate his claims for declaratory relief. The court therefore erred when it granted D'Lorm's plea to the jurisdiction. We sustain that portion of Wagner's issue on appeal.

### *Denial of Wagner's Motion for Summary Judgment*

In the second portion of his issue on appeal, Wagner asserts that the trial court erred in denying his motion for summary judgment on his claims for declaratory relief. The trial court denied Wagner's motion in light of its decision that it lacked jurisdiction to adjudicate his declaratory-judgment claim. The denial of a motion for summary judgment is generally not

reviewable on appeal. *See Texas Mun. Power Agency v. Public Util. Comm'n*, 253 S.W.3d 184, 192 (Tex. 2007). In any event, because the cause must be remanded in light of our holding that the trial court did not lack subject-matter jurisdiction, we need not address the denial of Wagner's motion for summary judgment.

## CONCLUSION

We hold that the trial court had subject-matter jurisdiction to hear and consider Wagner's declaratory-judgment suit. We therefore reverse the district court's dismissal order and remand the cause to that court for further proceedings.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Reversed and Remanded

Filed: June 2, 2010