TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00006-CV






In the interest of K.M.P.







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT

NO. D-1-FM-04-004416, HONORABLE GUS J. STRAUSS JR., JUDGE PRESIDING





O P I N I O N



 K.M.P.'s father, Jason Perry, filed a motion to enforce the possession terms of the
custody portion of the couple's divorce decree against K.M.P.'s mother, Mandy Boyt. Boyt filed a
special appearance and a plea to the jurisdiction, collaterally attacking the court's original
2004 decree as void for lack of subject-matter jurisdiction. The trial court granted Boyt's special
appearance and plea to the jurisdiction and dismissed Perry's enforcement action. Perry appeals in
three issues, asserting that the trial court misapplied the presumptions of validity given to the decree
on collateral attack and therefore erred in (1) granting Boyt's special appearance, (2) finding that the
court lacked jurisdiction over Perry's enforcement action, and (3) dismissing that suit for lack of
jurisdiction. We will affirm the trial court's dismissal order.


FACTUAL AND PROCEDURAL BACKGROUND

 Perry and Boyt divorced in 2004. The divorce decree contained an initial custody
determination for K.M.P., the couple's only child. The possession provisions of the decree were
amended in 2008. After Boyt allegedly failed to comply with the terms of the modified decree, Perry
filed an enforcement action. In response, Boyt asserted that the trial court lacked subject-matter
jurisdiction over the enforcement action because it had lacked jurisdiction from the outset to render
the custody portion of its original decree. Boyt argued that, because it lacked initial jurisdiction, the
court now lacked continuing, exclusive jurisdiction to modify or enforce the void decree. She also
contended that, because the court lacked continuing, exclusive jurisdiction over the case and the
parties, and because she had not been otherwise served with process in the enforcement action, the
court also lacked personal jurisdiction over her. The trial court granted Boyt's special appearance
and plea to the jurisdiction and dismissed Perry's enforcement action. Perry perfected this appeal.


STANDARD OF REVIEW

 Whether a court has subject-matter jurisdiction is a question of law that we review
de novo. Texas Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 225 (Tex. 2004). 
Subject-matter jurisdiction is never presumed and cannot be waived. Texas Ass'n of Bus. v. Texas
Air Control Bd., 852 S.W.2d 440, 442-44 (Tex. 1993).

 In the present enforcement action, Boyt is collaterally attacking the original custody
determination by asserting that the 2004 decree is void. If, as Boyt asserts, the court lacked
subject-matter jurisdiction or personal jurisdiction when it rendered the initial custody determination,
that judgment would be void and subject to collateral attack. See Austin Indep. Sch. Dist. v. Sierra
Club, 495 S.W.2d 878, 881 (Tex. 1973); Wagner v. D'Lorm, __ S.W.3d __, 2010 WL 2218644, at
*3 (Tex. App.--Austin 2010, no pet.). "In a collateral attack, the judgment under attack is presumed
valid," Stewart v. USA Custom Paint & Body Shop, Inc., 870 S.W.2d 18, 20 (Tex. 1994), and
"every reasonable presumption to uphold [the judgment] will be indulged," Rolison v. Puckett,
198 S.W.2d 74, 77 (Tex. 1946). "In order for a collateral attack to be successful the record must
affirmatively reveal the jurisdictional defect." White v. White, 179 S.W.2d 503, 506 (Tex. 1944).


[I]f the record in the cause does not negative the existence of facts authorizing the
court to render the judgment, the law conclusively presumes that such facts were
established before the court when such judgment was rendered, and evidence dehors
the record to the contrary will not be received.



Id.

 We limit our review to determining whether the record affirmatively and conclusively
negates the existence of jurisdiction, not whether the court otherwise erred in rendering its judgment. 
See id. While we indulge every reasonable presumption in favor of the judgment's validity, we may
consider only the face of the record and may not presume that "something omitted from the clerk's
record might have supported jurisdiction" when faced with a record that otherwise negates
jurisdiction. Alfonso v. Skadden, 251 S.W.3d 52, 55 (Tex. 2008).


DISCUSSION

Subject-Matter Jurisdiction & Collateral Attack

 We begin by addressing Perry's second and third issues regarding the court's
subject-matter jurisdiction. Boyt asserts that the court lacked subject-matter jurisdiction to make its
original child-custody determination because the court's findings of jurisdictional fact as recited in
the 2004 decree, taken in conjunction with the jurisdiction provisions in the family code,
affirmatively negated the court's jurisdiction. Boyt argues that, lacking jurisdiction from the outset,
the court had no "continuing, exclusive jurisdiction" over the custody issue and thus no jurisdiction
to modify or enforce its decree. 

 Section 152.201 of the family code confers subject-matter jurisdiction on Texas
courts to decide initial matters of child custody only if certain prerequisites are met:


(a) Except as otherwise provided in Section 152.204, [which governs temporary
emergency jurisdiction,] a court of this state has jurisdiction to make an
initial child custody determination only if:


 (1) this state is the home state of the child on the date of the
commencement of the proceeding, or was the home state of the child
within six months before the commencement of the proceeding and
the child is absent from this state but a parent or person acting as a
parent continues to live in this state;


 (2) a court of another state does not have jurisdiction under Subdivision
(1), or a court of the home state of the child has declined to exercise
jurisdiction on the ground that this state is the more appropriate forum
under Section 152.207 or 152.208, and:


 (A) the child and the child's parents, or the child and at least
one parent or a person acting as a parent, have a
significant connection with this state other than mere physical
presence; and


 (B) substantial evidence is available in this state concerning the
child's care, protection, training, and personal relationships;


 (3) all courts having jurisdiction under Subdivision (1) or (2) have
declined to exercise jurisdiction on the ground that a court of this
state is the more appropriate forum to determine the custody of the
child under Section 152.207 or 152.208; or


 (4) no court of any other state would have jurisdiction under the criteria
specified in Subdivision (1), (2), or (3).


(b) Subsection (a) is the exclusive jurisdictional basis for making a child custody
determination by a court of this state.


(c) Physical presence of, or personal jurisdiction over, a party or a child is not
necessary or sufficient to make a child custody determination.



Tex. Fam. Code Ann. § 152.201 (West 2009). "'Commencement' means the filing of the first
pleading in a proceeding." Id. § 152.102(5) (West 2009). The term "home state" is defined
as follows:


"Home state" means the state in which a child lived with a parent or a person acting
as a parent for at least six consecutive months immediately before the commencement
of a child custody proceeding. In the case of a child less than six months of age, the
term means the state in which the child lived from birth with a parent or a person
acting as a parent. A period of temporary absence of a parent or a person acting as
a parent is part of the period.



Id. § 152.102(7) (emphasis added).

 In support of her assertion that the court lacked initial jurisdiction over the custody
matter, Boyt points to the 2004 divorce decree itself. In finding and reciting pertinent facts about
the "child of the marriage," that decree lists K.M.P.'s "Home state" as "Georgia." Boyt argues that
such a finding of jurisdictional fact conclusively negates the court's jurisdiction. Noting that, on
collateral attack, we must presume the court's jurisdiction, Perry asserts that the court's home-state
finding may be construed consistently with its exercise of jurisdiction. In further support of that
presumption, he points to the following recital in the decree:


The Court finds that the pleadings of [Perry] are in due form and contain all the
allegations, information, and prerequisites required by law. The Court, after
receiving evidence, finds that it has jurisdiction of the case and of all the parties and
that at least sixty days have elapsed since the date the suit was filed. . . . All persons
entitled to citation were properly cited.



 After examining the record and attempting to reconcile the court's seemingly
inconsistent findings in light of our deferential standard of review on collateral attack, we agree with
Boyt that, because the court expressly found Georgia to be K.M.P.'s home state, it lacked
subject-matter jurisdiction over the initial custody determination. See id. § 152.201(a)(1). Perry,
however, urges us to presume that the court applied one of the alternate provisions in section
152.201 to establish its jurisdiction. We conclude that none of those provisions is consistent with
the court's home-state finding or otherwise applies in light of that finding. Subsection 152.201(a)(2)
applies only if there is no state that has jurisdiction under (a)(1), or if a state with jurisdiction in
(a)(1) has declined to exercise jurisdiction. The court's finding that Georgia was K.M.P.'s home
state means that Georgia had jurisdiction over the initial custody decision, so the first clause of (a)(2)
does not apply. The second clause, which requires a finding that Georgia declined jurisdiction in
favor of Texas, finds no support in the record and would be unreasonable to presume. See White,
179 S.W.2d at 506 (court indulges all reasonable presumptions in favor of judgment's validity). 
Subsections (a)(3) and (a)(4) do not apply for the reasons we have just articulated: Georgia met the
requirement of (a)(1), and a presumption that Georgia declined jurisdiction is not supported by the
record. Finding no basis in section 152.201(a) for Texas's initial child-custody jurisdiction, we hold
that the trial court lacked jurisdiction to make an initial custody determination. See Tex. Fam. Code
Ann. § 152.201(b) ("Subsection (a) is the exclusive jurisdictional basis for making a child custody
determination by a court of this state."). Accordingly, the child-custody portion of the 2004 decree
is void and without effect. See Austin Indep. Sch. Dist., 495 S.W.2d at 881.

 Perry argues that the 2004 decree did not state that K.M.P.'s home state was Georgia
on the date of the commencement of the proceeding--the key date for the jurisdictional inquiry--but
only constituted a finding of K.M.P.'s home state on the date the decree was entered. The court's
finding merely stated: "Home state: Georgia." Thus, asserts Perry, the court could have concluded
that K.M.P.'s home state was Texas when the proceedings commenced but later became Georgia
in the months that elapsed while the action was pending. We disagree that this is a reasonable
reading of the court's finding. First, the family code's definition of "home state" for children older
than six months contains a temporal requirement, itself based on the date that custody proceedings
commenced: "'Home state' means the state in which a child lived with a parent or a person acting
as a parent for at least six consecutive months immediately before the commencement of a child
custody proceeding. . . ." Tex. Fam. Code Ann. § 152.102(7) (emphasis added). Therefore, in
finding that K.M.P.'s home state was Georgia, the court implicitly--and necessarily--found that
K.M.P. had lived in Georgia for at least six consecutive months before the commencement of this
custody proceeding. Such a finding precludes any possibility that Texas was K.M.P.'s home state
at the time the proceeding was commenced. Second, we may not assume that the court's home-state
fact-finding referred to the decree's rendition date instead of the date the proceeding was
commenced. The relevant date for the home-state jurisdictional inquiry is the latter. Construing the
court's clear, unambiguous finding of jurisdictional fact to mean the opposite would be
unreasonable. See White, 179 S.W.2d at 506.

 Because we conclude that the face of the decree itself affirmatively negates the
jurisdictional facts necessary to support the trial court's subject-matter jurisdiction over its original
custody determination, the trial court also lacked continuing, exclusive jurisdiction over Perry's
enforcement action. Accordingly, the court did not err in granting Boyt's plea to the jurisdiction. 
We overrule Perry's second and third issues. Having determined that the court lacked jurisdiction,
we do not consider Perry's remaining issue.


CONCLUSION

 Because the trial court correctly determined that it lacked subject-matter jurisdiction,
we affirm the court's dismissal order.


 __________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed: August 31, 2010