# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-10-00006-CV

**In the interest of K.M.P.**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
NO. D-1-FM-04-004416, HONORABLE GUS J. STRAUSS JR., JUDGE PRESIDING

## O P I N I O N

K.M.P.'s father, Jason Perry, filed a motion to enforce the possession terms of the custody portion of the couple's divorce decree against K.M.P.'s mother, Mandy Boyt. Boyt filed a special appearance and a plea to the jurisdiction, collaterally attacking the court's original 2004 decree as void for lack of subject-matter jurisdiction. The trial court granted Boyt's special appearance and plea to the jurisdiction and dismissed Perry's enforcement action. Perry appeals in three issues, asserting that the trial court misapplied the presumptions of validity given to the decree on collateral attack and therefore erred in (1) granting Boyt's special appearance, (2) finding that the court lacked jurisdiction over Perry's enforcement action, and (3) dismissing that suit for lack of jurisdiction. We will affirm the trial court's dismissal order.

## FACTUAL AND PROCEDURAL BACKGROUND

Perry and Boyt divorced in 2004. The divorce decree contained an initial custody determination for K.M.P., the couple's only child. The possession provisions of the decree were

amended in 2008. After Boyt allegedly failed to comply with the terms of the modified decree, Perry filed an enforcement action. In response, Boyt asserted that the trial court lacked subject-matter jurisdiction over the enforcement action because it had lacked jurisdiction from the outset to render the custody portion of its original decree. Boyt argued that, because it lacked initial jurisdiction, the court now lacked continuing, exclusive jurisdiction to modify or enforce the void decree. She also contended that, because the court lacked continuing, exclusive jurisdiction over the case and the parties, and because she had not been otherwise served with process in the enforcement action, the court also lacked personal jurisdiction over her. The trial court granted Boyt's special appearance and plea to the jurisdiction and dismissed Perry's enforcement action. Perry perfected this appeal.

**STANDARD OF REVIEW**

Whether a court has subject-matter jurisdiction is a question of law that we review de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225 (Tex. 2004). Subject-matter jurisdiction is never presumed and cannot be waived. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 442-44 (Tex. 1993).

In the present enforcement action, Boyt is collaterally attacking the original custody determination by asserting that the 2004 decree is void. If, as Boyt asserts, the court lacked subject-matter jurisdiction or personal jurisdiction when it rendered the initial custody determination, that judgment would be void and subject to collateral attack. *See Austin Indep. Sch. Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex. 1973); *Wagner v. D'Lorm*, __ S.W.3d __, 2010 WL 2218644, at *3 (Tex. App.—Austin 2010, no pet.). "In a collateral attack, the judgment under attack is presumed valid," *Stewart v. USA Custom Paint & Body Shop, Inc.*, 870 S.W.2d 18, 20 (Tex. 1994), and

2

"every reasonable presumption to uphold [the judgment] will be indulged," *Rolison v. Puckett*, 198 S.W.2d 74, 77 (Tex. 1946). "In order for a collateral attack to be successful the record must affirmatively reveal the jurisdictional defect." *White v. White*, 179 S.W.2d 503, 506 (Tex. 1944).

> [I]f the record in the cause does not negative the existence of facts authorizing the court to render the judgment, the law conclusively presumes that such facts were established before the court when such judgment was rendered, and evidence dehors the record to the contrary will not be received.

*Id.*

We limit our review to determining whether the record affirmatively and conclusively negates the existence of jurisdiction, not whether the court otherwise erred in rendering its judgment. *See id.* While we indulge every reasonable presumption in favor of the judgment's validity, we may consider only the face of the record and may not presume that "something omitted from the clerk's record might have supported jurisdiction" when faced with a record that otherwise negates jurisdiction. *Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008).

## DISCUSSION

### Subject-Matter Jurisdiction & Collateral Attack

We begin by addressing Perry's second and third issues regarding the court's subject-matter jurisdiction. Boyt asserts that the court lacked subject-matter jurisdiction to make its original child-custody determination because the court's findings of jurisdictional fact as recited in the 2004 decree, taken in conjunction with the jurisdiction provisions in the family code, affirmatively negated the court's jurisdiction. Boyt argues that, lacking jurisdiction from the outset,

3

the court had no "continuing, exclusive jurisdiction" over the custody issue and thus no jurisdiction to modify or enforce its decree.

Section 152.201 of the family code confers subject-matter jurisdiction on Texas courts to decide initial matters of child custody only if certain prerequisites are met:

(a)  Except as otherwise provided in Section 152.204, [which governs temporary emergency jurisdiction,] a court of this state has jurisdiction to make an initial child custody determination only if:

　　(1)  this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;

　　(2)  a court of another state does not have jurisdiction under Subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 152.207 or 152.208, and:

　　　　(A)  the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and

　　　　(B)  substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;

　　(3)  all courts having jurisdiction under Subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 152.207 or 152.208; or

　　(4)  no court of any other state would have jurisdiction under the criteria specified in Subdivision (1), (2), or (3).

(b)  Subsection (a) is the exclusive jurisdictional basis for making a child custody determination by a court of this state.

4

(c)     Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination.

Tex. Fam. Code Ann. § 152.201 (West 2009).  "'Commencement' means the filing of the first pleading in a proceeding."  *Id.* § 152.102(5) (West 2009).  The term "home state" is defined as follows:

> "Home state" means the state in which a child lived with a parent or a person acting as a parent for at least *six consecutive months immediately before the commencement of a child custody proceeding.*  In the case of a child less than six months of age, the term means the state in which the child lived from birth with a parent or a person acting as a parent.  A period of temporary absence of a parent or a person acting as a parent is part of the period.

*Id.* § 152.102(7) (emphasis added).

In support of her assertion that the court lacked initial jurisdiction over the custody matter, Boyt points to the 2004 divorce decree itself.  In finding and reciting pertinent facts about the "child of the marriage," that decree lists K.M.P.'s "Home state" as "Georgia."  Boyt argues that such a finding of jurisdictional fact conclusively negates the court's jurisdiction.  Noting that, on collateral attack, we must presume the court's jurisdiction, Perry asserts that the court's home-state finding may be construed consistently with its exercise of jurisdiction.  In further support of that presumption, he points to the following recital in the decree:

> The Court finds that the pleadings of [Perry] are in due form and contain all the allegations, information, and prerequisites required by law.  The Court, after receiving evidence, finds that it has jurisdiction of the case and of all the parties and that at least sixty days have elapsed since the date the suit was filed. . . .  All persons entitled to citation were properly cited.

5

After examining the record and attempting to reconcile the court's seemingly inconsistent findings in light of our deferential standard of review on collateral attack, we agree with Boyt that, because the court expressly found Georgia to be K.M.P.'s home state, it lacked subject-matter jurisdiction over the initial custody determination. *See id.* § 152.201(a)(1). Perry, however, urges us to presume that the court applied one of the alternate provisions in section 152.201 to establish its jurisdiction. We conclude that none of those provisions is consistent with the court's home-state finding or otherwise applies in light of that finding. Subsection 152.201(a)(2) applies only if there is no state that has jurisdiction under (a)(1), or if a state with jurisdiction in (a)(1) has declined to exercise jurisdiction. The court's finding that Georgia was K.M.P.'s home state means that Georgia had jurisdiction over the initial custody decision, so the first clause of (a)(2) does not apply. The second clause, which requires a finding that Georgia declined jurisdiction in favor of Texas, finds no support in the record and would be unreasonable to presume. *See White*, 179 S.W.2d at 506 (court indulges all *reasonable* presumptions in favor of judgment's validity). Subsections (a)(3) and (a)(4) do not apply for the reasons we have just articulated: Georgia met the requirement of (a)(1), and a presumption that Georgia declined jurisdiction is not supported by the record. Finding no basis in section 152.201(a) for Texas's initial child-custody jurisdiction, we hold that the trial court lacked jurisdiction to make an initial custody determination. *See* Tex. Fam. Code Ann. § 152.201(b) ("Subsection (a) is the exclusive jurisdictional basis for making a child custody determination by a court of this state."). Accordingly, the child-custody portion of the 2004 decree is void and without effect. *See Austin Indep. Sch. Dist.*, 495 S.W.2d at 881.

Perry argues that the 2004 decree did not state that K.M.P.'s home state was Georgia *on the date of the commencement of the proceeding*—the key date for the jurisdictional inquiry—but only constituted a finding of K.M.P.'s home state *on the date the decree was entered*. The court's finding merely stated: "Home state: Georgia." Thus, asserts Perry, the court could have concluded that K.M.P.'s home state was Texas when the proceedings commenced but later became Georgia in the months that elapsed while the action was pending. We disagree that this is a reasonable reading of the court's finding. First, the family code's definition of "home state" for children older than six months contains a temporal requirement, itself based on the date that custody proceedings commenced: "'Home state' means the state in which a child lived with a parent or a person acting as a parent for at least *six consecutive months immediately before the commencement of a child custody proceeding*. . . ." Tex. Fam. Code Ann. § 152.102(7) (emphasis added). Therefore, in finding that K.M.P.'s home state was Georgia, the court implicitly—and necessarily—found that K.M.P. had lived in Georgia for at least six consecutive months before the commencement of this custody proceeding. Such a finding precludes any possibility that Texas was K.M.P.'s home state at the time the proceeding was commenced. Second, we may not assume that the court's home-state fact-finding referred to the decree's rendition date instead of the date the proceeding was commenced. The relevant date for the home-state jurisdictional inquiry is the latter. Construing the court's clear, unambiguous finding of jurisdictional fact to mean the opposite would be unreasonable. *See White*, 179 S.W.2d at 506.

Because we conclude that the face of the decree itself affirmatively negates the jurisdictional facts necessary to support the trial court's subject-matter jurisdiction over its original

7

custody determination, the trial court also lacked continuing, exclusive jurisdiction over Perry's enforcement action. Accordingly, the court did not err in granting Boyt's plea to the jurisdiction. We overrule Perry's second and third issues. Having determined that the court lacked jurisdiction, we do not consider Perry's remaining issue.

## CONCLUSION

Because the trial court correctly determined that it lacked subject-matter jurisdiction, we affirm the court's dismissal order.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed: August 31, 2010

8