**Affirmed and Memorandum Opinion filed August 27, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00085-CV

---

**DERRICK W. PARKER, Appellant**

**V.**

**BRITTANI A. DENNIS, Appellee**

---

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 55526**

---

## M E M O R A N D U M   O P I N I O N

In this appeal arising from a child-custody dispute, a Texas father challenges the trial court's order setting aside and declaring void *ab initio* a default judgment the court previously had rendered regarding child custody because the court lacked subject matter jurisdiction over the case. We affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant Derrick W. Parker filed a petition in Brazoria County, Texas, purportedly seeking to modify a prior child custody order with respect to a minor child who was born December 1, 2008, to Brittani Dennis in Ohio. Parker sought to be appointed joint managing conservator of the child as well as other orders regarding possession of and access to the child. Parker sought to modify a 2010 Texas order, in which the court established Parker's paternity of the child and ordered Parker to pay child support under the Uniform Interstate Family Support Act (the "Uniform Support Act"). In the 2010 order, the court did not make any child-custody determination. In his petition to modify, Parker alleged that the child was born in Ohio on December 1, 2008 and had lived there with Dennis continuously though August 16, 2010, the date on which Parker filed his petition. The trial court granted the relief sought in Parker's petition in a default judgment signed on August 11, 2011. The record reflects that no evidentiary hearing occurred before the trial court rendered this judgment. The trial court's default judgment recites that Dennis was duly served with citation in the modification suit and failed to appear or file a written answer.

Several months later, in January 2012, Dennis filed a "Special Appearance, Motion to Vacate Void Order, Bill of Review, and Request to Return Child and Writ of Attachment." Dennis asked the trial court, among other things, to vacate the default judgment as void because the trial court lacked subject matter jurisdiction under the Uniform Child Custody Judgment Enforcement Act (the "Uniform Custody Act"). After a hearing, at which Parker did not appear and a representative from the Office of the Attorney General did appear, the trial court took judicial notice of its entire file and concluded that it did not have subject-matter jurisdiction to make an initial child-custody determination. Therefore, the

trial court set the default judgment aside and declared it void *ab initio*. Asserting five appellate issues, Parker now appeals the trial court's order.

JURISDICTIONAL ARGUMENTS

In his fourth issue, Parker challenges the trial court's determination that it did not have subject-matter jurisdiction to make an initial child-custody determination under the Uniform Custody Act. The trial court's prior default judgment is void and subject to collateral attack if the record affirmatively demonstrates that the trial court lacked subject-matter jurisdiction over the suit. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 273 (Tex. 2012). Subject-matter jurisdiction cannot be waived and can be raised at any time. *See Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008) (per curiam). The order Parker sought to modify was actually a child-support order in which the court did not make any child-custody determination regarding the child. *See* Tex. Fam. Code Ann. § 152.102(3) (West 2013) (defining "child custody determination" to exclude "an order relating to child support or another monetary obligation of an individual"). Thus, in his petition to modify, Parker asked the trial court to make an initial child-custody determination concerning this child. *See* Tex. Fam. Code Ann. §152.102(8). Under the Uniform Custody Act, the trial court had subject-matter jurisdiction to make an initial child-custody determination only if one of the following four bases of jurisdiction applies:

> (1) this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;

> (2) a court of another state does not have jurisdiction under Subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more

3

appropriate forum under Section 152.207 or 152.208, and:

> (A) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and

> (B) substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

(3) all courts having jurisdiction under Subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 152.207 or 152.208; or

(4) no court of any other state would have jurisdiction under the criteria specified in Subdivision (1), (2), or (3).

Tex. Fam. Code Ann. § 152.201(a) (West 2013). *See also id.* § 152.201(b) (stating that "[s]ubsection (a) is the exclusive jurisdictional basis for making a child custody determination by a court of this state"). The priority basis for jurisdiction is based upon the home state of the child. *See id*. § 152.201(a)(1). As to a child six months of age or older, a state qualifies as a home state if the child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child-custody proceeding. *See id*. § 152.102(7). As shown by Parker's petition, including his affidavit contained therein, Ohio was the child's only home state from birth through the filing date of Parker's petition. Parker's petition showed that Texas was neither the child's home state on the date of the commencement of the proceeding, nor the child's home state within six months before the commencement of the proceeding. Thus, under Parker's petition the trial court did not have subject-matter jurisdiction under subsection (a)(1), (a)(2), or (a)(4) of Texas Family Code section 152.201. *See id*. § 152.201(a). In addition, in Parker's affidavit, contained in the petition, Parker listed "any other court cases . . . that might affect this case," and Parker listed only the prior child-support case in Texas; he did not list any case in Ohio. Therefore,

4

under Parker's petition, there was no case in which an Ohio court declined to exercise jurisdiction on the ground that a Texas court is the more appropriate forum to determine the custody of the child under Texas Family Code section 152.207 or 152.208. Thus, the trial court did not have subject-matter jurisdiction under subsection (a)(3) of Texas Family Code section 152.201.[1] *See id*.

Even indulging every reasonable presumption in favor of the trial court having had subject-matter jurisdiction over Parker's petition, the record affirmatively demonstrates that the trial court lacked subject-matter jurisdiction over the suit. *See PNS Stores, Inc.*, 379 S.W.3d at 273; *Alfonso*, 251 S.W.3d at 54–55; *In re K.M.P.*, 323 S.W.3d 601, 605 (Tex. App.—Austin 2010, pet. denied). Accordingly, the trial court did not err in concluding that it lacked subject-matter jurisdiction over Parker's modification suit or in setting the default judgment aside and declaring it void *ab initio*. *See PNS Stores, Inc.*, 379 S.W.3d at 273; *Alfonso*, 251 S.W.3d at 54–55; *In re K.M.P.*, 323 S.W.3d at 605.

---

[1] Parker appears to argue on appeal that Ohio declined to exercise jurisdiction because Dennis, though allegedly properly served with citation, failed to appear or answer in response to Parker's petition. But, even presuming that Dennis defaulted, that action by Dennis would not constitute an action by an Ohio court declining to exercise jurisdiction. Without citation to the record, Parker also states in his appellate brief that "the Home state sent notice to [Dennis] and declined to exercise child custody jurisdiction." But, nothing in the record reflects that an Ohio court declined to exercise jurisdiction on the ground that a Texas court is the more appropriate forum to determine the custody of the child under Texas Family Code section 152.207 or 152.208. *See In re K.M.P.*, 323 S.W.3d 601, 605 (Tex. App.—Austin 2010, pet. denied) (concluding that record did not support assertion that Georgia had declined jurisdiction of a child-custody dispute in favor of Texas). Parker's petition itself shows that there was no Ohio case in which such an action could have occurred.

For the foregoing reasons, we overrule Parker's fourth issue and affirm the trial court's order.[2]

/s/    Kem Thompson Frost
       Justice

Panel consists of Justices Frost, Boyce, and Donovan.

---

[2] Because the trial court correctly determined that it did not have subject-matter jurisdiction over the modification suit, we need not and do not reach Parker's other four issues, in which he raises issues that need not be addressed if the trial court correctly determined that it lacked subject-matter jurisdiction.