# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-23-00377-CV

---

**Kelvin Willis f/d/b/a Willis Legal Support Services and f/d/b/a Willis Legal Services, Judgment Plaintiff by Assignment through the original Judgment Plaintiffs, Michael Chivington and Sonia Chivington, Appellant**

**v.**

**Atistar Mortgage Solutions, LLC and Nyanza Cook, Appellees**

---

### FROM THE 146TH DISTRICT COURT OF BELL COUNTY
### NO. 285172, THE HONORABLE JACK WELDON JONES, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Kelvin Willis appeals from the district court's order finding that Willis failed to properly domesticate a California judgment in Texas, vacating a turnover order authorizing Willis to recover on that judgment, and dismissing all claims that were based on that judgment. In three issues on appeal, Willis argues that the district court lacked plenary power to dismiss the domestication proceedings and vacate the turnover order. He also argues that the district court violated his due process rights by dismissing the proceedings without notice or a hearing. We will affirm the district court's order in part, vacate in part, and remand the cause for further proceedings.

## BACKGROUND

In 2010, plaintiffs Michael Chivington and Sonia Chivington obtained a judgment in California state court against defendant Nyanza Cook in the amount of $355,000 in compensatory damages for fraud (Count One) and $100,000 in compensatory damages plus $5,000 in punitive damages for alter ego liability (Count Two).[1]  In 2011, Cook moved to Texas.

In 2015, Michael Chivington, acting individually and as the executor of the estate of Sonia Chivington, assigned the judgment to "Kelvin Willis of Willis Legal Support Services." On May 20, 2016, Willis, who was not a lawyer and was acting pro se at the time, filed a certified copy of the judgment and a petition to domesticate the judgment in the 146th Judicial District Court of Bell County, where Cook resided.  The judgment, which is certified by the clerk of the Superior Court of Ventura County, California, and signed and stamped with the seal of that county, was signed and stamped by the district clerk of Bell County on May 20, 2016.

In June 2016, Willis filed an amended petition to domesticate the judgment.  Both petitions listed Cook and Atistar as defendants.  The judgment and the petition were assigned cause number 285,172-B.[2]  With his amended petition, Willis also filed with the clerk of the

---

[1]  There is limited information in the record regarding the underlying facts that gave rise to the judgment, but we take judicial notice from a Texas administrative proceeding involving Cook and referencing the California judgment that the Chivingtons were California homeowners who hired Cook "to help save their home from foreclosure, but in the end the homeowners lost their home." *See In re Nyanza Yvette Cook Application for Real Est. Sales Agent License*, SOAH Docket No. 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.REC, 2018 WL 11686677, at *1 (Texas Real Estate Comm'n) (Nov. 19, 2018) (proposal for decision); *see also* Tex. R. Evid. 201 (providing for judicial notice of adjudicative facts).  Atistar Mortgage Solutions, LLC (Atistar) appears to have been Cook's business.  The record reflects that the Chivingtons obtained separate judgments against Cook and Atistar.  However, as we discuss below, Willis domesticated only the judgment against Cook.

[2]  We take judicial notice that each district court in Bell County is assigned a letter for identification purposes, and the 146th District Court is assigned the letter "B."  *See* Tex. R. Evid. 201.

court an affidavit showing the name and last known address of the judgment creditor (Willis) and one of the judgment debtors (Cook), but the affidavit did not mention Atistar.

The record does not contain proof that Willis mailed notice of the filing to Cook. However, the record reflects that the district clerk's office mailed Cook notice and that she received that notice. The notice, which was dated July 14, 2016, provided that

> In accordance with the provisions of House Bill Number 1175 of the Texas Rules of Civil Procedure,[3] in cause number 285172-0, in the 146th District Court of Bell County, Texas,
>
> Plaintiff(s) MICHAEL E CHIVINGTON, SONIA CHIVINGTON
>
> filed a suit for enforcement of a Foreign Judgment against
>
> Defendant(s) ATISTAR MORTGAGE SOLUTIONS LLC.
>
> Said foreign judgment was signed on the 12th day of July, 2010.
>
> This was issued at the request of attorney: Pro Se: KELVIN WILLIS WILLIS LEGAL SUPPORT SERVICES P.O. BOX 764144 DALLAS, TEXAS 75376.

The notice listed Willis as the judgment creditor and Cook as the judgment debtor.

In August 2016, counsel for Cook and Atistar (both defendants were represented by the same counsel) filed a notice of appearance in the district court and a motion for continuance, seeking time to conduct discovery. On August 26, 2016, the district court held a

---

[3] Although the notice referred to the Texas Rules of Civil Procedure, this appears to be instead a reference to the enacting bill of the Uniform Enforcement of Foreign Judgments Act in Texas, the statute under which Willis sought to enforce the judgment. *See* Act of May 14, 1981, 67th Leg., R.S., ch. 195, § 3, 1981 Tex. Gen. Laws 464, 464–65 (current version at Tex. Civ. Prac. & Rem. Code §§ 35.001-.008). Until the Act was amended in 2011, the district clerk was required to mail notice of the filing to the judgment debtor. *See id.*

3

hearing on Willis's petition and on the defendants' motion for continuance. At the beginning of the hearing, the district court asked counsel if Cook had "been served and is she actively a party in the suit." Counsel responded, "Yes, your Honor, she's been served and she's a party to the suit." Counsel also acknowledged that Cook had not yet responded to the suit or answered in any way. Counsel did not complain, either at the hearing or in any filing before or after the hearing, that the defendants lacked notice of the judgment or that Willis failed to give them notice pursuant to Section 35.004 of the Texas Civil Practice and Remedies Code.

During the hearing, Willis argued that domestication was "a real simple process" and asked that the motion for continuance be denied. Counsel for the defendants responded that a continuance was necessary to allow "sufficient time to perform some very minimal discovery, primarily Mr. Willis's deposition, in order to flesh out issues of fact and law that we think may be present with this court giving full faith and credit to a purported judgment from a California court."

The district court stated that domesticating a judgment in Texas was to be "done ministerially," not "through a court proceeding," and that, accordingly, the court had "historically, routinely, denied or just declined to enter any order because I don't think there is a basis for an order for domesticating a foreign judgment." The district court added, "[T]he rules, as I read them, provide that once you have gone through that process, then the judgment is the same as a Texas judgment and it's subject to collateral attack and direct attack in Texas, just as if it were a judgment entered by a Texas court." Counsel for the defendants replied that "before the judgment is even registered, whether it should even be given full faith and credit, is questionable in this case." The court responded, "Well, to me, that's the question that I'd have to ask is whether Mr. Willis has exercised the proper procedure to legally register the judgment in Texas,

4

which then authenticates and, therefore, is authenticated and then opens the door for you to attack it here in the Texas court." Counsel maintained that he needed to conduct discovery regarding the judgment. The court replied, "What I'm saying is that until it is registered here— and it may be. I don't know. I haven't looked at it. But until it's registered here it's premature for you to take any action here against it. Now, if you want to take a look at the file to see if there has been an attempt at registration, then I think it might open the door for you to do that." Counsel agreed to look at the file, and the proceedings recessed without the district court taking any action on the matter.

The parties subsequently exchanged discovery, and in September 2016,[4] Willis filed a "petition in aid of enforcement" involving Cook's parents. Although styled a "petition," this was not a separate action against Cook's parents but was instead an attempt to seek discovery from them to aid in Willis's enforcement of the judgment against Cook.[5] *See* Tex. R. Civ. P. 621a. ("Discovery and Enforcement of Judgment"). This was initially assigned the same cause number as the original petition, 285,172-B, but it was later assigned cause number 285172-01. In response, Cook's parents filed a motion to show authority and a motion for sanctions against Willis. The matter was set for a hearing on December 2, 2016, but the district court granted a

---

[4] The petition was file stamped with the date of September 23, but the district court's docket sheet reflects that it was filed on September 26.

[5] Willis alleged in the pleading that:

Based upon information and belief, Evelyn and Donnell Cook are the parents of Defendant, and all Respondents allegedly reside together at the same address. Evelyn and Donnell Cook [have] information about Defendant's assets that would aid in the enforcement of the judgment, and Petitioner cannot ascertain this information unless this Court compels the discovery here pleaded for in this action.

continuance to Willis (who had recently retained counsel), without setting a new hearing date. In February 2017, the district court granted a motion to withdraw filed by counsel for Cook and Atistar in the original 285,172-B cause. Willis retained new counsel in June 2017.

The record reflects that no further action was taken on the case involving Cook's parents until November 2018, when the district court coordinator notified the parties that cause number 285172-01, filed on September 26, 2016 (the same date that the district court's docket sheet reflects the "petition in aid of enforcement" against Cook's parents was filed), was set on the dismissal docket for February 7, 2019, and that the case "must be set or heard" by that date or it would be "dismissed for lack of Prosecution by the respective judge." On February 7, 2019, the district court dismissed case number 285172-01 for want of prosecution, without prejudice to refiling. The order of dismissal provided, "This Dismissal Judgment finally disposes of all parties and all pending claims and is appealable." Willis did not appeal or otherwise challenge this order.

In October 2022, Willis filed a new petition against Cook and Atistar, again seeking domestication of the California judgment. This petition, however, was filed in the 169th District Court of Bell County and assigned a different cause number, 22DCV334585.[6]

Then, in November 2022, Willis, who was now represented by another counsel, sought and obtained from the 146th District Court a turnover order appointing a receiver to take possession of property owned by Cook in the original 285,172-B cause. *See* Tex. Civ. Prac. & Rem. Code § 31.002(b)(3). Willis's motion for post-judgment receivership provided that "Mr. KELVIN WILLIS owns by assignment a judgment obtained against Defendants ATISTAR

---

[6] The record does not reflect the status of the October 2022 petition, but according to the Bell County Odyssey Portal, the case remains active as of June 24, 2025.

MORTGAGE SOLUTIONS, LLC and NYANZA COOK entered in Cause No. 285172 by the 146th Judicial District Court of Bell County, Texas," that the judgment was dated May 20, 2016, and that "[s]aid judgment resulted from proper filing of a domesticated foreign judgment, under Chapter 35, Texas Civil Practice and Remedies Code." A copy of that judgment, with the file stamp of the Bell County District Court, dated May 20, 2016, was attached to the motion.

Cook and Atistar, now represented by new counsel, filed a motion to strike the district court's order appointing a receiver. They later filed a motion for new trial, motion to vacate, motion to confirm dismissal judgment, and motion for stay of enforcement and execution of the foreign judgment. Willis also filed multiple motions. The district court held a brief hearing on the motion to strike in January 2023, and a more extensive hearing on all the pending motions in February 2023.

At the beginning of the February hearing, the district court asked if Atistar was "still in existence," and Cook personally answered, "No." The district court then asked counsel if Atistar was "a viable party," and counsel for the defendants answered, "I don't believe so, Your Honor." Counsel for Willis acknowledged, "I don't know," but also stated, "They have continued to answer as if they're both before the Court, but I don't believe they're viab[le] entities."

The parties then proceeded to discuss their respective positions. Both parties agreed that there were two ways to domesticate a judgment, either statutorily under the Uniform Enforcement of Foreign Judgments Act (UEFJA) or by bringing a common-law action to domesticate the judgment. Willis argued that he domesticated the judgment under the UEFJA in May 2016 when he filed the California judgment in Bell County; that his petition to domesticate the judgment was extraneous and unnecessary; that the defendants did not contest, appeal, or

7

otherwise challenge the May 2016 judgment within the time they had to do so; and that the district court did not have plenary power in 2019 to dismiss the May 2016 judgment. Willis also argued that the 2019 dismissal applied only to the petition that he filed against Cook's parents in September 2016, with cause number 285172-01, and did not apply to the filings assigned cause number 285,172-B.

The defendants argued that Willis failed to comply with the requirements of the UEFJA when he filed the judgment in May 2016. Specifically, they contended that Willis failed to include with his filing a copy of the judgment against Atistar, that the affidavit was unclear as to whether the judgment creditor was Willis himself or his business entity, and that Willis failed to file proof that he mailed the judgment to the defendants as required by the UEFJA. The defendants further contended that instead of proceeding under the UEFJA, Willis filed a common-law action to domesticate the judgment that had remained pending on the court's docket when the district court dismissed it for want of prosecution in 2019. They also argued that the dismissal applied to everything pending in cause number 285172, regardless of whether it was labeled as 285,172-B or 285172-01, because the causes were never severed. Thus, according to the defendants, the district court lacked jurisdiction to render the turnover order, which was made years after the case had been dismissed.

At the conclusion of the hearing, the district court took the matter under advisement and later emailed the parties the following message: "The court finds that the Plaintiff in the above case has failed to comply with the provisions of the UEFJA and also of the common law required to domesticate the foreign judgment against Defendants. Therefore, the court grants the requested rulings of Defendant."

The district court later issued an order granting the defendants' motions to "strike, dismiss, vacate, set aside, and confirm the non-domestication of the foreign judgment filed by Kelvin Willis of Willis Legal Support Services, on May 20, 2016, and June 8, 2016, in this cause and/or Cause No. 285,172-B (the "Judgment")." The district court also ordered that "the Judgment has not been domesticated in the State of Texas," that "the Order Appointing Receiver, entered by this Court on November 18, 2022, in the above-entitled cause, is vacated and set aside; and that the execution issued upon the Judgment is annulled and quashed," and that "all claims asserted by Kelvin Willis of Willis Legal Support Services, Willis Legal Support Services, Kelvin Willis, Willis Legal Support Services LLC, and Willis Legal Services, LLC, in the above-entitled and numbered cause, and Cause No. 285,172-B, are hereby dismissed with prejudice." The district court later vacated that order and issued a nearly identical order indicating that Willis's claims were dismissed "without prejudice." Willis filed a motion for new trial, along with a request for findings of fact and conclusions of law. The motion for new trial was overruled by operation of law, and the district court made no findings of fact or conclusions of law. This appeal followed.

## DISCUSSION

**Standard of review**

This case requires us to determine whether the district court exceeded its jurisdiction by acting outside its period of plenary power, either when it vacated the turnover order and dismissed the case, as Willis contends, or when it rendered the turnover order, as the defendants argue. Whether a trial court exceeded its jurisdiction is a question of law that we review de novo. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.

9

2004); *International Armament Corp. v. Stocker & Lancaster LLP*, 565 S.W.3d 823, 826 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Similarly, whether the district court erred in failing to afford full faith and credit to the foreign judgment is a question of law subject to de novo review. *See In re M.L.W.*, 358 S.W.3d 772, 774 (Tex. App.—Texarkana 2012, no pet.); *Bryant v. Shields, Britton & Fraser*, 930 S.W.2d 836, 840 (Tex. App.—Dallas 1996, writ denied).

**Governing law**

The United States Constitution requires that full faith and credit be given in each state to the public acts, records, and judicial proceedings of every other state. U.S. Const. art. IV, § 1. "Under this principle, Texas is required to enforce a valid judgment from another state." *Mindis Metals, Inc. v. Oilfield Motor & Control, Inc.*, 132 S.W.3d 477, 484 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (op. on reh'g).

Texas law provides two methods to domesticate a foreign judgment. The first method is for a judgment creditor "to bring an action to enforce the judgment." *Moncrief v. Harvey*, 805 S.W.2d 20, 22 (Tex. App.—Dallas 1991, no writ). "When he does so, his petition as plaintiff initiates the action; the judgment debtor, as defendant, can assert his defenses; and a judgment results." *Id*. "A losing party can appeal just as in any other case." *Id*. This common-law method to domesticate a foreign judgment remains available to judgment creditors, even after the passage of the UEFJA. *See* Tex. Civ. Prac. & Rem. Code § 35.008 ("A judgment creditor retains the right to bring an action to enforce a judgment instead of proceeding under [the UEFJA].").

The second method to domesticate a judgment is through the UEFJA, "which establishes a procedure for enforcing a foreign judgment by merely filing an authenticated copy

10

of the judgment with the clerk of any court in Texas with competent jurisdiction." *Brown's Inc. v. Modern Welding Co.*, 54 S.W.3d 450, 453 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.); *see* Tex. Civ. Prac. & Rem. Code § 35.003(a) (providing that authenticated copy of foreign judgment "may be filed in the office of the clerk of any court of competent jurisdiction of this state"). "The clerk shall treat the foreign judgment in the same manner as a judgment of the court in which the foreign judgment is filed," Tex. Civ. Prac. & Rem. Code § 35.003(b), and "[a] filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed," *id.* § 35.003(c).

"Under the UEFJA, filing a foreign judgment in a Texas court instantly creates an enforceable, final Texas judgment." *BancorpSouth Bank v. Prevot*, 256 S.W.3d 719, 722 (Tex. App.—Houston [14th Dist.] 2008, no pet.). In other words, "when a judgment creditor proceeds under the UEFJA, the filing of the foreign judgment comprises both a plaintiff's original petition and a final judgment," with the judgment becoming enforceable, final, and appealable on the date the judgment is filed in a Texas court. *Walnut Equip. Leasing Co. v. Wu*, 920 S.W.2d 285, 286 (Tex. 1996); *see also Medical Admins. v. Koger Props.*, 668 S.W.2d 719, 723 (Tex. App.—Houston [1st Dist.] 1983, no writ) ("[W]here a foreign judgment appears to be a valid, final and subsisting judgment entered by a court of general jurisdiction . . . its introduction makes a prima facie case for the party seeking to enforce it, and the burden of showing its invalidity is upon the party attacking it.").

The UEFJA requires that the judgment creditor provide notice of the filing to the judgment debtor, and the statute provides a procedure for doing so:

11

(a) At the time a foreign judgment is filed, the judgment creditor or the judgment creditor's attorney shall file with the clerk of the court an affidavit showing the name and last known post office address of the judgment debtor and the judgment creditor.

(b) The judgment creditor or the judgment creditor's attorney shall:

(1) promptly mail notice of the filing of the foreign judgment to the judgment debtor at the address provided for the judgment debtor under Subsection (a); and

(2) file proof of mailing of the notice with the clerk of the court.

(c) The notice must include the name and post office address of the judgment creditor and if the judgment creditor has an attorney in this state, the attorney's name and address.

(d) On receipt of proof of mailing under Subsection (b), the clerk of the court shall note the mailing in the docket.

Tex. Civ. Prac. & Rem. Code § 35.004.

Although compliance with Section 35.004 is mandatory, "it does not follow that the failure to comply with this statutory provision presents a jurisdictional, rather than a procedural, bar to the domestication of a foreign judgment under that act." *Tanner v. McCarthy*, 274 S.W.3d 311, 316 (Tex. App.—Houston [1st Dist.] 2008, no pet.). For example, in *Tanner*, the judgment creditor failed to file the affidavit required by Section 35.004(a). *Id*. at 316. The judgment debtor argued that because the creditor failed to comply with the UEFJA, the trial court had no jurisdiction to enforce the judgment under the UEFJA. *Id*. at 315. The appellate court disagreed, concluding that

12

> [N]othing in the statutory language or scheme, nor anything in the apparent purpose of the provision or the consequences of non-compliance with it, demonstrates that the Legislature intended that a judgment creditor's failure to file the affidavit required under section 35.004(a) would deprive the trial court of jurisdiction to consider an action under the UEFJA.

*Id.* at 317.

Additionally, a "technical violation" of section 35.004 does not preclude enforcement of the judgment so long as the judgment debtor is not prejudiced or harmed because of the violation. *See Tri–Steel Structures, Inc. v. Hackman*, 883 S.W.2d 391, 394-95 (Tex. App.—Fort Worth 1994, writ denied) (judgment creditor's mailing of notice to wrong address was "technical violation" that did not prejudice or harm judgment debtor because debtor learned of judgment at time enforcement was sought and thus was able to challenge judgment at that time through motion for new trial or bill of review). The relevant inquiry is whether the judgment debtor received "actual or constructive notice" of the judgment at a time when the debtor could effectively challenge it, thereby satisfying the requirements of due process. *See Dispensa v. University State Bank*, 987 S.W.2d 923, 926–28 (Tex. App.—Houston [14th Dist.] 1999, no pet.); *see also Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 84 (1988) (explaining that due process requires provision of notice "at a meaningful time and in a meaningful manner" so that judgment debtor has "an opportunity to be heard").

At the time the judgment is filed, "the domesticated judgment is effectively a no-answer default judgment because the judgment debtor has not had an opportunity to defend himself before the judgment became final." *Carter v. Cline*, No. 03–10–00855–CV, 2011 WL 4924214, at *4 (Tex. App.—Austin Oct. 13, 2011, no pet.) (mem. op.) (citing *Urso v. Lyon Fin. Servs.*, 93 S.W.3d 276, 279 (Tex. App.—Houston [14th Dist.] 2002, no pet.)). "A judgment

13

debtor must challenge enforcement of a filed foreign judgment within the timetables applicable to attacking any Texas judgment." *BancorpSouth Bank*, 256 S.W.3d at 725. "A direct attack on the enforceability of a foreign judgment must be made within standard appellate timetables by filing a motion for new trial within 30 days, a direct appeal within 30 days, or a restricted appeal within six months." *Carter*, 2011 WL 4924214, at *5 (citing *Urso*, 93 S.W.3d at 279 & n.4); *see* Tex. R. Civ. P. 329b(a); Tex. R. App. P. 26.1(a), (c). The deadlines to challenge the judgment may be extended if the judgment debtor did not have notice of the judgment, "but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed." Tex. R. Civ. P. 306a(4).

"After these deadlines have expired, a bill of review is the exclusive method of challenging non-jurisdictional defects." *Carter*, 2011 WL 4924214, at *5 (citing *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985)); *see* Tex. R. Civ. P. 329b(f). "A bill of review is an equitable proceeding to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or direct appeal." *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 275 (Tex. 2012). "It must, however, be brought within four years of the rendition of the judgment." *Id.* (citing *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998)).

A motion for new trial, appeal, and bill of review are ways to directly attack a default judgment. *Id.* "A default judgment is also subject to collateral attack if it is void on the face of the record because the court that rendered it lacked (1) jurisdiction over the parties or property; (2) jurisdiction over the subject matter; (3) jurisdiction to render a particular judgment; or (4) the capacity to act as a court." *Carter*, 2011 WL 4924214, at *5 (citing *Browning*, 698 S.W.2d at 363; *In re K.M.P.*, 323 S.W.3d 601, 603 (Tex. App.—Austin 2010, pet. denied); *Wagner v. D'Lorm*, 315 S.W.3d 188, 192–93 (Tex. App.—Austin 2010, no pet.)). "In a

14

collateral attack, the judgment under attack is presumed valid," *K.M.P.*, 323 S.W.3d at 603 (citing *Stewart v. USA Custom Paint & Body Shop, Inc.*, 870 S.W.2d 18, 20 (Tex. 1994)), and "every reasonable presumption to uphold [the judgment] will be indulged," *id.* (citing *Rolison v. Puckett*, 198 S.W.2d 74, 77 (Tex. 1946)). "In order for a collateral attack to be successful the record must affirmatively reveal the jurisdictional defect." *Id.* (citing *White v. White*, 179 S.W.2d 503, 506 (Tex. 1944)). Moreover, "[a]ll errors other than jurisdictional deficiencies render the judgment merely voidable, and such errors must be corrected on direct attack." *Browning*, 698 S.W.2d at 363.

"The distinction between void and voidable judgments is critical when the time for a direct attack has expired." *PNS Stores, Inc.*, 379 S.W.3d at 272. "Before then, the distinction is less significant because—whether the judgment is void or voidable—the result is the same: the judgment is vacated." *Id.* But after the time for a direct attack has expired, a final judgment may be vacated only if it is void. *See id.*

When no motion for new trial or other post-judgment motion is timely filed, "[t]he trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed." Tex. R. Civ. P. 329b(d). "On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law," Tex. R. Civ. P. 329b(f), which in the case of most judgments, including foreign and default judgments, is four years, *PNS Stores, Inc.*, 379 S.W.3d at 275. "When a trial court acts on a foreign judgment outside of its plenary power, the action is a nullity." *Howell v. Dyck-O'Neal, Inc.*, 682 S.W.3d 906, 908 (Tex.

15

App.—Waco 2023, no pet.) (citing *Bahr v. Kohr*, 928 S.W.2d 98, 100 (Tex. App.—San Antonio 1996, writ denied)).

However, even after its plenary power has expired, a trial court "retains statutory and inherent authority to enforce its judgment." *BancorpSouth Bank*, 256 S.W.3d at 724; *see Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex. 1982). "Generally, every court with jurisdiction to render a judgment also has the inherent authority to enforce its judgments." *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.*, 540 S.W.3d 577, 581 (Tex. 2018) (per curiam). "Unlike plenary power, which generally only lasts for thirty days after final judgment, a trial court's post-judgment enforcement powers 'can last until the judgment is satisfied.'" *Id.* (quoting *Black v. Shor*, 443 S.W.3d 170, 176 (Tex. App.–Corpus Christi-Edinburg 2013, no pet.)).

One of the methods by which a trial court may enforce its judgment is through a turnover order, which is a procedural device to assist judgment creditors "in satisfying their judgment debts." *Id.* (citing Tex. Civ. Prac. & Rem. Code § 31.002(a)). "Pursuant to the statute, a judgment creditor can seek court assistance in reaching a judgment debtor's property that is 'otherwise difficult to attach or levy on by ordinary legal process.'" *Id.* (quoting *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 224 (Tex. 1991)). "'[I]f the judgment debtor owns property,' the statute authorizes a court to aid a judgment creditor in satisfying outstanding liabilities by 'order[ing] the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control.'" *Id.* (quoting Tex. Civ. Prac. & Rem. Code § 31.002(a)–(b)(1)).

16

**Analysis**

With the above legal framework in mind, we turn to the judgment in this case. In his first and second issues, Willis contends that the California judgment was final and enforceable and that the district court thus erred in dismissing the domestication proceedings and in vacating the turnover order.

We start with the recognition that there are two defendants in this case, Cook and Atistar. Although the parties' statements at the February 2023 hearing suggest that Atistar may no longer be a "viable" party, it was a party to the proceedings in the California court, Willis named it as a defendant in his petition to domesticate the judgment, it was a party to the proceedings in the court below, and it is an appellee in this appeal. Consequently, we must include Atistar in our analysis.

### Atistar

There is a jurisdictional defect regarding Atistar. The documents that Willis filed in 2016 fail to include a judgment against that party. The judgment that Willis filed references Atistar in the caption only, naming Atistar as one of the defendants in the California case. But all relief in that judgment is directed solely against Cook, not Atistar.[7] We also observe that in the application for renewal of the judgment in 2015, which Willis attached to the judgment, Cook is listed as the judgment debtor, with no mention of Atistar. Additionally, as noted above, in the affidavit attached to the judgment, Willis did not list Atistar as a judgment debtor, only

---

[7] There was a judgment against Atistar, but Willis did not file it. Cook and Atistar attached as an exhibit to their motion for new trial a copy of a judgment against Atistar that was rendered in the case that was later consolidated with the case against Cook. This judgment, dated February 25, 2009, recites: "Plaintiffs Michael E. Chivington and Sonia M. Chivington shall recover from defendant Atistar Mortgage Solutions, LLC, $100,000 compensatory damages, $5,000 punitive damages, and $5,000 attorney fees, and no other costs."

17

Cook. Accordingly, the judgment does not appear on its face to be a valid, final, and subsisting judgment against Atistar, which deprives the trial court of jurisdiction over that party. *See* *Wagner*, 315 S.W.3d at 192.

### Cook

The California judgment appears on its face to be a valid, final, and subsisting judgment against Cook. The judgment recites:

> Plaintiffs, Michael Chivington and Sonia Chivington shall have judgment against defendant Nyanza Cook on their complaint in 56-2009-00354222-CU-FR-VTA, Chivington v. Cook consolidated into the above-entitled action. Judgment shall be on Count One for fraud in the amount of $355,000 and judgment shall be on Count Two, alter ego liability, for $100,000 compensatory damages, $5,000 punitive damages, plus $15,128.77 interest.

> Plaintiffs to recover $730 costs of suit and $13,806.50 attorney fees.

The judgment is dated July 12, 2010, signed by the judge of the Superior Court of Ventura County, California, and stamped on the same date by the clerk of that court. There is nothing on the face of the judgment to suggest that the judgment was not final with regard to Cook or that there were any issues left unresolved in the action between Cook and the plaintiffs so as to render the judgment interlocutory.[8] Accordingly, when Willis filed a certified copy of this judgment in the 146th District Court of Bell County on May 20, 2016, it became an enforceable, final Texas judgment against Cook. *See* Tex. Civ. Prac. & Rem. Code § 35.003; Tex. R. Evid.

---

[8] "The finality of a foreign judgment is determined under the law of the state in which it was rendered." *Bahr v. Kohr*, 928 S.W.2d 98, 100 (Tex. App.—San Antonio 1996, writ denied). Under California law, "it has long been the settled rule that in a case involving multiple parties, a judgment is final and appealable when it leaves no issues to be determined as to one party." *Dakota Payphone, LLC v. Alcaraz*, 192 Cal. App. 4th 493, 506 (2011).

18

902, 1005; *Mitchim v. Mitchim*, 518 S.W.2d 362, 364 (Tex. 1975); *Ferguson v. Great Am. Ins. Co.*, No. 06-15-00054-CV, 2016 WL 3356743, at *2-3 (Tex. App.—Texarkana June 16, 2016, no pet.) (op.). On that same date, Willis filed the affidavit required by section 35.004(a) of the UEFJA, showing the name and last known address of the judgment debtor and the judgment creditor. *See* Tex. Civ. Prac. & Rem. Code § 35.004(a). Then, on June 8, 2016, Willis filed an amended petition to domesticate the judgment. Attached to that petition was both a copy of the California judgment against Cook and the affidavit required by section 35.004(a) of the UEFJA. The record reflects that the district clerk's office mailed Cook notice of this filing on July 14, 2016 and that she received actual notice on July 16. Consistent with the requirements of section 35.004(c) of the UEFJA, the notice included the name and address of the judgment creditor, identified as Willis, and indicated that he was proceeding pro se. *See id*. § 35.004(c). Additionally, the notice identified Cook as the judgment debtor, the Chivingtons as the plaintiffs, and Atistar Mortgage Solutions, LLC, as the defendant. The notice further provided that the suit was seeking "enforcement of a Foreign Judgment" and that "said Foreign Judgment was signed on the 12th day of July, 2010." We conclude that this notice was sufficient to apprise Cook that Willis was seeking enforcement of the California judgment against her under the UEFJA. To the extent that Willis himself failed to mail notice of the judgment to Cook, as required by section 35.004(b) of the UEFJA, that was not a jurisdictional bar to domestication of the judgment, and thus Cook was required to raise that complaint in a direct attack against the judgment "within the timetables applicable to attacking any Texas judgment." *See BancorpSouth Bank*, 256 S.W.3d at 725. She failed to do so at any time within the period she had for challenging the judgment, calculated from the date she received actual notice of it. *See* Tex. R. Civ. P. 306a(4) (providing that if party adversely affected by judgment or order fails to receive notice or acquire actual

19

knowledge of judgment or order "within twenty days after the judgment or other appealable order is signed," then deadlines for party to file motion for new trial, motion to vacate judgment, or other challenges to judgment "shall begin on the date that such party or his attorney received such notice or acquired actual knowledge" of judgment or order, although "in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed"). Although Cook, represented by counsel, appeared in court in August 2016 to request a continuance and seek discovery, she did not challenge the judgment or file any post-judgment motions at that time or at any other time until 2022, when she filed her motion to vacate the turnover order. At that point, the period for filing a direct attack against the judgment had long since passed, and she could only collaterally attack the judgment as void for jurisdictional deficiencies. *See Browning*, 698 S.W.2d at 363 ("All errors other than jurisdictional deficiencies render the judgment merely voidable, and such errors must be corrected on direct attack."). Cook did not identify any jurisdictional deficiencies in the judgment against her. Instead, she argued that Willis failed to comply with the affidavit and notice requirements of the UEFJA, *see* Tex. Civ. Prac. & Rem. Code § 35.004, errors which do not deprive the trial court of jurisdiction, *see Tanner*, 274 S.W.3d at 316-17, and make the judgment voidable rather than void and thus not subject to collateral attack, *see BancorpSouth Bank*, 256 S.W.3d at 727-28.

Additionally, we cannot conclude on this record that Cook was harmed or prejudiced by Willis's failure to fully comply with Section 35.004. It is undisputed that she received actual notice of the judgment from the district clerk's office and thus could have raised her procedural challenges to the judgment at that time but did not do so. *See Dispensa*, 987 S.W.2d at 928 (concluding that despite failure of service, defendant received "actual notice of judgment" within time in which he could have moved to set aside judgment and that it was his

20

"own inaction—rather than lack of notice" that "caused him to miss the opportunities for filing a motion for new trial and a restricted appeal"). Moreover, to the extent that Willis's petition could be construed as a common-law action to domesticate the judgment, any such action would not affect the validity of the judgment filed under the UEFJA. *See Wu*, 920 S.W.2d at 286 (rejecting contention that judgment creditor's filing of amended petition to domesticate judgment "effected the abandonment of a UEJA action and the initiation of an action to enforce a judgment" and concluding that all pleadings and trial-court proceedings that followed filing of domesticated judgment were "nullities").

Thus, Cook and Atistar are in different positions in relation to the judgment that Willis filed in 2016. It is a final and enforceable judgment against Cook but not against Atistar. This in turn results in different legal consequences for each party. The district court retained jurisdiction to enforce the judgment against Cook when it entered the turnover order, but it did not have jurisdiction to enforce the judgment against Atistar. Accordingly, we agree with Willis that the district court erred to the extent it vacated the turnover order against Cook.

In arguing that the district court did not err in vacating the turnover order, Cook points to the district court's 2019 dismissal and contends that because Willis did not challenge that dismissal, it is final and "any and all orders made" in the case following that dismissal are void. As an initial matter, it is not clear that the 2019 dismissal applied to the petition to domesticate the judgment in cause number 285,172-B, as the dismissal referred to a petition that was filed on September 26, 2016, which was the pleading seeking discovery from Cook's parents, with cause number 285172-01. However, to the extent the dismissal applied to the petition to domesticate the judgment, the district court's plenary power to grant a new trial or to vacate, modify, correct, or reform the 2016 judgment had expired at the time it rendered the 2019

21

dismissal. *See* Tex. R. Civ. P. 329b(d). Thus, to the extent the district court purported to dismiss the 2016 judgment, that action was a "nullity." *See Howell*, 682 S.W.3d at 908.

Cook also argues that "the foreign judgment registration attempt is and was void" because Willis filed the judgment on behalf of a separate entity, "Willis Legal Support Services," even though Willis is not licensed to practice law. We are aware of no authority that prohibits the filing of a foreign judgment under such circumstances, and Cook cites to none.

We conclude that the district court did not have jurisdiction to dismiss the domestication proceedings and vacate the turnover order against Cook but did have jurisdiction to dismiss the domestication proceedings and vacate the turnover order against Atistar. Accordingly, we sustain in part and overrule in part Willis's first and second issues.

**Due process**

In his third issue, Willis asserts that the district court violated his due process rights by dismissing the proceedings without providing him an opportunity to be heard on the matter and notice that dismissal was a possibility. However, Cook and Atistar labeled their pleading a "Motion for New Trial, Motion to Vacate, Motion to Confirm Dismissal Judgment and Motion for Stay of Enforcement and Execution," and they prayed that the district court "[v]acate, dismiss, and strike the 2016 Petition in its entirety." The district court held a hearing on those motions and provided Willis an opportunity to respond to them. Additionally, at the beginning of the hearing, the district court announced that it "saw a dismissal judgment that was entered back in 2019," and counsel for Cook and Atistar responded, "Yes, Your Honor. That's what we're here to talk about today. And that's—a lot of our case rests upon that." Counsel for Willis indicated an awareness that the dismissal was an issue in the case that the parties had

22

discussed "in some detail" at a previous hearing. We conclude that Willis had notice and an opportunity to be heard regarding the potential dismissal of the case and that the district court did not violate his due process rights.

We overrule Willis's third issue.

## CONCLUSION

We affirm in part and vacate in part the district court's order and remand the case to the district court for further proceedings.

_____

Gisela D. Triana, Justice

Before Justices Triana, Kelly, and Crump

Affirmed in Part; Vacated in Part, and Remanded

Filed: June 26, 2025

23